**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 11:24 AM March 28, 2012**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| JAMES D. CLYMER AND | ) | CASE NO. 10-63352 |
| KATHY J. CLYMER, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION (NOT** |
| | ) | **INTENDED FOR PUBLICATION)** |
| | ) | |

Now before the court is the motion for final decree filed by Debtors on December 30, 2011. The motion is unopposed.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

### FACTS

Debtors filed a joint chapter 11 petition on August 30, 2010. Their proposed plan of reorganization was confirmed on September 12, 2011. The plan contains the following synopsis of the payment provisions:

> Priority tax claims will be paid at confirmation or over a one
> year period of time following confirmation of the Plan. It is
> anticipated that there are approximately twenty thousand dollars
> in priority tax claims, owed to the Internal Revenue Service and
> State of Ohio, which will be paid in full within one year (two
> thousand dollars per month) of confirmation of the Plan. Approximately twenty thousand of unsecured claims (five percent) shall
> be paid over the course of one year starting on the second year after
> confirmation of the Plan. Any balance of nondischargeable unsecured
> claims shall be paid in full starting in the third year of the Plan
> at the rate of two thousand dollars per month until paid in full.

(Plan of Reorganization, Article 1). Additionally, the discharge provision of the plan provides the following:

> 9.01 Discharge. Confirmation of this Plan does not discharge any
> Debtor provided for in this Plan until the court grants a discharge upon
> completion of all payments under this Plan, or as otherwise provided
> in § 1141(d)(5) of the Code, except for debts deemed non-dischargeable.

(Plan of Reorganization, Article IX).

On December 30, 2011, Debtors filed a motion for a final decree and requested entry of a discharge in the case. No objections were filed.

## ANALYSIS

Prior to the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") of 2005, an individual chapter 11 debtor received a discharge at confirmation. BAPCPA, however, changed the landscape and the order of confirmation no longer operates to discharge an individual debtor. Instead, 11 U.S.C. § 1141(d)(5)(A) establishes a rule that a discharge for an individual chapter 11 is granted after the completion of payments: "unless, after notice and a hearing the court orders otherwise for cause, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of payments under the plan." *See also* 8 Collier on Bankruptcy ¶ 1141.05[2][a], 1141-24 (16th ed. 2011). This requirement was intended to mirror the discharge provisions for chapter 13 debtors. Id.; *see also* Friedman v. P+P, LLC (In re Friedman), 2012 WL 911545 (B.A.P. 9th Cir. 2012) (reporter citation not available).

Based on the record before the court, and the specific terms of the plan, it appears unlikely that payments under Debtors' chapter 11 plan are complete and Debtors have provided no evidence to the contrary. Debtors' confirmed plan does not provide for a discharge prior to completion and Debtors have not established cause for entry of the discharge before completion of payments. Consequently, the court denies Debtors' motion for final decree and entry of the discharge at this stage of the case. This decision is without prejudice to renewal of the request under more appropriate circumstances.

An order will be entered immediately.

# # #

**Service List:**

David A Mucklow
919 E Turkeyfoot Lake Rd #B
Akron, OH 44312

James D Clymer
Kathy J Clymer
1769 Blackberry Lane
PO Box 113
Orrville, OH 44667

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

IN RE: )
)
GUIDELINES FOR COMPENSATION )
AND EXPENSE REIMBURSEMENT )
OF PROFESSIONALS )
)
) GENERAL ORDER NO. 93-1

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

The Bankruptcy Judges for the Northern District of Ohio, having at their meeting on July 9, 1993, approved Guidelines for Compensation and Expense Reimbursement of Professionals and directed that such Guidelines shall be effective in all cases filed after August 1, 1993,

IT IS ORDERED that the Guidelines for Compensation and Expense Reimbursement of Professionals shall be effective as to all cases filed after August 1, 1993, and

IT IS FURTHER ORDERED that the Clerk of this Court prepare sufficient copies of the Guidelines for distribution to interested persons and that such copies be available at the offices of the Clerk in Akron, Canton, Cleveland, Toledo and Youngstown.

DATED: July 28, 1993

FOR THE COURT

*/s/ James H. Williams*

JAMES H. WILLIAMS
CHIEF BANKRUPTCY JUDGE

AO 72A
(Rev. 8/82)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

GUIDELINES FOR COMPENSATION AND
EXPENSE REIMBURSEMENT OF PROFESSIONALS

The following Guidelines govern applications for compensation and expense reimbursement. The Guidelines cover the narrative portions of applications, time records and expenses. Except as otherwise provided, the Guidelines apply to professionals generally including lawyers, accountants, appraisers, auctioneers, financial advisors and consultants unless, for cause shown, modifications are made at the time a professional is employed.

The Narrative

1.  Employment; Prior Compensation; Holdback

    The application shall state the date of the order approving applicant's employment, amount and deposit date of any retainer, the date of each prior request for compensation and the amount requested, approved and paid. Payment of interim fees allowed depends upon the estate's cash, status of the case and the interests of the debtor and creditors generally.

2. <u>Work Description; Projects</u>

Each application shall categorize the services rendered into separate projects or tasks ("Projects") unless payment of less than $5,000 is requested. Projects in an attorney's Chapter 11 application might include the use of cash collateral, financing, relief from stay matters, plan and disclosure statement, preferences, etc. Ordinarily a separate Project category should be established for any matter which required significant time.

The professional shall describe each Project, the purpose and/or need for the services, significant problems encountered, results achieved, and provide other relevant information for the Court to evaluate the services and time expended. If the narrative is not divided into separate Projects, the services shall be described generally.

A billing summary for each Project shall follow each Project description.

3. <u>Summary of Time Billed</u>

Each application shall include a billing summary showing (a) total hours billed to each Project,

(b) the composite hourly billing rate for the Project, and (c) for each professional charging time to the Project, his or her name, status (e.g., partner, associate, paralegal, manager), hourly rate, and hours billed. In applications not divided by Projects the billing summary shall cover all time billed. If initials are used to identify professionals, a key shall be provided.

4. <u>Preparation of Application</u>

Reasonable fees for preparation of a fee application may be requested. Applicant has the burden to prove the extent to which the preparation fees requested exceed those for clients who require detailed fee statements and have adopted fee review procedures.

5. <u>Staffing; Rates</u>

Rates charged must be commensurate with the skill required for the task. For example, partner rates are not generally allowable for routine work. Rates may be adjusted to conform with these Guidelines and applicable law notwithstanding an order approving rates at the time of employment.

6. <u>Certification</u>

   Each application shall contain a certification by the responsible professional that (a) the professional has read the application, (b) to the best of the professional's knowledge, information, and belief formed after reasonable inquiry, the compensation and expense reimbursement sought conforms with these Guidelines, except as otherwise specifically noted in the application and (c) the compensation and expense reimbursement requested are billed at rates and in accordance with practices no less favorable to the debtor/estate than those customarily employed by applicant generally, except as otherwise specifically noted in the application.

<u>Time Records</u>

7. <u>Time Records Required</u>

   All professionals shall keep accurate contemporaneous time records, except auctioneers, real estate brokers, appraisers, and any other professional whom the Court excuses from this obligation at the time of appointment. Notwithstanding the foregoing, the order of appointment may require auctioneers, appraisers, or real estate brokers to submit time records.

8. Increments

    Professionals shall keep time records in minimum increments no greater than 6 minutes. Applications which contain minimum billing increments greater than .1 hour may be disallowed.

9. Entries

    Time entries shall identify the person who performed the service, the date performed, matter involved and services rendered. Mere notations of telephone calls, conferences, research, drafting, etc., without appropriately identifying the matter involved, may result in disallowance of the applicable time. Time entries with unexplained abbreviations may be disallowed. If computer time sheets are submitted, an appropriate key shall be provided to facilitate review.

    Applicant has the burden to show that services for which compensation is sought are for professional services only and not for services ordinarily performed by a trustee or debtor in possession.

- 5 -

10. <u>Lumping</u>

If separate tasks are performed on a single day, the fee application shall disclose the time required for each task (i.e., no "grouping" or "lumping").

11. <u>Conferences</u>

Professionals shall justify time spent in conferences with other professionals or paraprofessionals in the same firm. Failure to do so may result in disallowance of fees related to the conferences.

12. <u>Multiple Professionals</u>

Professionals shall justify the need for more than one professional or paraprofessional from the same firm at the same court hearing, deposition or meeting. Failure to justify this time may result in disallowance of fees.

13. <u>Office Tasks</u>

Time spent addressing, stamping and stuffing envelopes, filing, photocopying or "supervising" any of the foregoing is generally not compensable whether performed by a professional, paraprofessional, or secretary.

14. <u>Travel Time</u>

    Travel time is ordinarily compensable at not more than one-half the professional's allowed hourly rate. Travel of one hour or less round-trip is not compensable.

15. <u>Filing Papers</u>

    Time spent filing papers or pleadings is generally non-compensable.

<u>Expenses</u>

16. <u>Receipts</u>

    Receipts should be obtained for all expenditures. Receipts shall be retained and produced upon request for reimbursement of expenditures exceeding $25.00.

17. <u>Office Overhead</u>

    Office overhead is generally not reimbursable. Overhead includes secretarial time or overtime, word processing time and cost of meals or transportation provided professionals and staff who work late or on weekends.

18. <u>Computerized Research</u>

    Computerized research is reimbursable at actual cost. "Actual cost," in these Guidelines, means

the amount actually expended by the professional or paid to a third party provider without markup or enhancement for handling or administrative charges.

19. <u>Professional Services</u>

    A professional employed under section 327 of the Bankruptcy Code may not employ or charge as an expense services provided by another professional unless employment of the second professional is approved by the Court prior to the rendering of services.

20. <u>Photocopies (Internal)</u>

    Charges must be disclosed on an aggregate and per page basis. Charges allowed are actual cost not to exceed 20 cents per page.

21. <u>Photocopies (Outside)</u>

    Actual cost.

22. <u>Postage</u>

    Actual cost.

23. <u>Overnight Delivery</u>

    Actual cost where shown to be necessary.

24. <u>Messenger Service</u>

    Actual cost shown to be necessary. In-house messenger service is not reimbursable for more than the cost of comparable services outside the firm.

25. <u>Facsimile Transmission</u>

    Actual costs of telephone charges for outgoing transmissions are reimbursable. Transmissions received are reimbursable at actual cost not to exceed 20 cents per page.

26. <u>Long Distance Telephone</u>

    Actual cost.

27. <u>Travel - Automobile Transportation</u>

    Travel of one hour or less round-trip is generally not reimbursable. Travel expense for trips in excess of one hour round-trip is reimbursable in accordance with the allowance by the Internal Revenue Service - currently 28 cents per mile (IRC § 274(d) and the current applicable I.R.B. Announcement).

28. <u>Travel - Air Transportation</u>

    Reimbursement is limited to amount spent or regular coach fare whichever is lower.

29. <u>Travel Accommodations and Meals</u>

    Reimbursement is allowed for reasonable hotel and meal expense. Luxury dining or accommodations are not reimbursable.

30. <u>Meals - Working</u>

    Working meals at restaurants or private clubs are generally not reimbursable. Reimbursement may be requested for working meals only when food is catered to the professional's office during a meeting with clients, such as a creditors' committee, to permit the meeting to continue through a normal meal period.

31. <u>Amenities</u>

    Charges for entertainment, alcoholic beverages, newspapers, dry cleaning, shoe shines, etc. are generally not reimbursable.

32. <u>Miscellaneous</u>

    Filing fees, court reporter fees, witness fees, process service and UCC searches are reimbursable at actual cost.

33. <u>Special Practices</u>

    The Court is aware that billing practices of professionals may differ. The court will consider

applicant's customary practice in charging or not charging other clients for particular items. If other clients are not billed for a particular item, the estate will not be billed. If an item is billed to all other clients, reimbursement should be sought at the least expensive rate the professional charges any client for comparable services or expenses.

Unless the Court otherwise requires, all objections to an application must be filed and served not later than five (5) working days prior to the scheduled hearing.