**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 08:52 AM April 13, 2012**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| JAMES D. CLYMER AND | ) | CASE NO. 10-63352 |
| KATHY J. CLYMER, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | |
| | ) | **AMENDED[1] MEMORANDUM OF** |
| | ) | **OPINION (NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

Now before the court is the motion for final decree filed by Debtors on December 30, 2011. The motion is unopposed.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

### FACTS

Debtors filed a joint chapter 11 petition on August 30, 2010. Their proposed plan of reorganization was confirmed on September 12, 2011. The plan contains the following synopsis

---

1 The sole purpose of the amendment is to delete the unnecessary attachment from the original opinion.

of the payment provisions:

> Priority tax claims will be paid at confirmation or over a one
> year period of time following confirmation of the Plan. It is
> anticipated that there are approximately twenty thousand dollars
> in priority tax claims, owed to the Internal Revenue Service and
> State of Ohio, which will be paid in full within one year (two
> thousand dollars per month) of confirmation of the Plan. Appro-
> ximately twenty thousand of unsecured claims (five percent) shall
> be paid over the course of one year starting on the second year after
> confirmation of the Plan. Any balance of nondischargeable unsecured
> claims shall be paid in full starting in the third year of the Plan
> at the rate of two thousand dollars per month until paid in full.

(Plan of Reorganization, Article 1).   Additionally, the discharge provision of the plan provides the following:

> 9.01    Discharge.   Confirmation of this Plan does not discharge any
> Debtor provided for in this Plan until the court grants a discharge upon
> completion of all payments under this Plan, or as otherwise provided
> in § 1141(d)(5) of the Code, except for debts deemed non-dischargeable.

(Plan of Reorganization, Article IX).

On December 30, 2011, Debtors filed a motion for a final decree and requested entry of a discharge in the case.   No objections were filed.

## ANALYSIS

Prior to the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") of 2005, an individual chapter 11 debtor received a discharge at confirmation.   BAPCPA, however, changed the landscape and the order of confirmation no longer operates to discharge an individual debtor.   Instead, 11 U.S.C. § 1141(d)(5)(A) establishes a rule that a discharge for an individual chapter 11 is granted after the completion of payments:   "unless, after notice and a hearing the court orders otherwise for cause, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of payments under the plan."   *See also* 8 Collier on Bankruptcy ¶ 1141.05[2][a], 1141-24 (16th ed. 2011).   This requirement was intended to mirror the discharge provisions for chapter 13 debtors.   Id.; *see also* Friedman v. P+P, LLC (In re Friedman), 2012 WL 911545 (B.A.P. 9th Cir. 2012) (reporter citation not available).

Based on the record before the court, and the specific terms of the plan, it appears unlikely that payments under Debtors' chapter 11 plan are complete and Debtors have provided no evidence to the contrary.   Debtors' confirmed plan does not provide for a discharge prior to completion and Debtors have not established cause for entry of the discharge before completion of payments.   Consequently, the court denies Debtors' motion for final decree and entry of the discharge at this stage of the case.   This decision is without prejudice to renewal of the request

under more appropriate circumstances.

An order will be entered immediately.

#          #          #

**Service List:**

David A Mucklow
919 E Turkeyfoot Lake Rd #B
Akron, OH 44312

James D Clymer
Kathy J Clymer
1769 Blackberry Lane
PO Box 113
Orrville, OH 44667